UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JODY A. WOLF,

          **Plaintiff,**

v.

          18-CV-741-HKS

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

          **Defendant.**

**DECISION AND ORDER**

Plaintiff, Jody A. Wolf, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Titles II and XVI of the Act. Dkt. No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case to the undersigned pursuant to 28 U.S.C. § 636(c). Dkt. No. 15.

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 10, 13. For the reasons that follow, Plaintiff's motion is GRANTED and Defendant's motion is DENIED.

## BACKGROUND

On May 15, 2015, Plaintiff protectively filed applications for SSI and DIB with the Social Security Administration ("SSA") alleging disability since November 29, 2013, due to: fibromyalgia; type II diabetes; neuropathy in feet; major migraines; heel spurs; residual pain from fractured ankle; and inability to function (cannot sit/stand longer than ten minutes; lift hands over head or bend down or walk longer than fifteen minutes; and cannot lift more than twenty-five pounds). Tr.[1] 59-60, 192-197. On June 23, 2015, Plaintiff's claims were denied by the SSA at the initial level and she requested review. Tr. 100-119. On September 21, 2017, Plaintiff and her attorney appeared and testified along with a vocational expert ("VE") before Administrative Law Judge, Larry Banks ("the ALJ"). Tr. 30-58. On December 1, 2017, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act. Tr. 10-26. Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on May 10, 2018. Tr. 1-9. Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision. Dkt. No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The

---

[1] References to "Tr." are to the administrative record in this matter. Dkt No. 7.

Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.     Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

3

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

I.  **The ALJ's Decision**

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above. First, the ALJ found Plaintiff met the insured status

4

requirements of the Act through September 30, 2017. Tr. 15. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 29, 2013, the alleged onset date. *Id.* At step two, the ALJ found Plaintiff has the following severe impairments: dysfunction of the ankle; polyarthralgia; diabetes mellitus; fibromyalgia; headaches; and asthma. *Id.*[2] At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any listings impairment. Tr. 16.

Next, the ALJ determined Plaintiff retained the RFC to perform a less than full range of sedentary work[3]. *Id.* Specifically, the ALJ found that Plaintiff's conditions prevented her from: performing complex tasks; working around dangerous machinery or unprotected heights; climbing ropes, ladders, or scaffolds; exposure (concentrated) to environmental pollutants; performing above-the-shoulder lifting with the upper extremities; and performing quick, repetitive motions with the neck. *Id.* The ALJ found Plaintiff could: reach above-the-shoulder with the bilateral upper extremities on a frequent basis; perform other postural movements such as stooping on an occasional basis; perform simple instructions; however, she would be off task up to ten percent of the workday due to concentration and focus problems. *Id.*

---

[2] The ALJ also discussed Plaintiff's allegations of depression, concluding the condition did not meet the durational requirement. Tr. 16.
[3] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

At step four, the ALJ relied on the VE's testimony in finding Plaintiff was unable to perform her past relevant work as a "Child Monitor" (DOT 301.677-010) generally performed at the medium level of exertion but performed at the heavy level of exertion as described by Plaintiff. Tr. 20. The ALJ continued to step five and considered Plaintiff's age (44 on the alleged onset date), limited education, ability to communicate in English, work experience, and RFC; and concluded based on the VE's testimony that Plaintiff was capable of performing other work that existed in significant numbers in the national economy. Tr. 20-21. Specifically, the ALJ found Plaintiff could perform the following jobs: "Document Preparer" (DOT 249.587-018); "Order Clerk" (in the hotel and restaurant industry) (DOT 209.567-014); and "Call-Out Operator" (DOT 237.367-014). Tr. 21. Accordingly, the ALJ found Plaintiff was not disabled under the Act from November 29, 2013, through December 6, 2017. Tr. 22.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ erred by: (1) failing to evaluate all of Plaintiff's impairments at step two; and (2) determining Plaintiff's RFC without a medical opinion evaluating Plaintiff's functional capabilities and without explanation of how the RFC accords with medical evidence. Dkt. No. 10 at 1. The Commissioner contends the ALJ's decision is supported by substantial evidence and should be affirmed. Dkt. No. 13 at 10. This Court finds remand is warranted because the ALJ erred by determining Plaintiff's RFC without a medical opinion. Because remand is warranted on this basis, this Court need not reach Plaintiff's remaining arguments.

Plaintiff argues that the ALJ erred by determining the RFC without a single medical opinion regarding her physical functioning. Dkt. No. 10 at 1. The Commissioner contends that a specific medical opinion regarding Plaintiff's functional limitations is not required for a decision to be supported by substantial evidence. Dkt. No. 13 at 12. This Court disagrees.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F.App'x 53, 56 (2d Cir. 2013). Although an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited [,]" an ALJ is not a medical professional and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F.Supp.3d 581, 586 (W.D.N.Y. 2018). Where the medical findings in the record merely diagnose the claimant's impairments and do not relate those diagnoses to specific residual functional capabilities, the Commissioner may not make the connection. *Perkins v. Berryhill*, 2018 WL 3372964, *3 (W.D.N.Y. 2018).

Having reviewed the record, this Court finds that it is incomplete where it does not contain an assessment of Plaintiff's limitations from a legitimate medical source. Notably, there is not a single medical opinion in the record assessing Plaintiff's functional capabilities, in light of her impairments. Instead, in assessing Plaintiff's RFC the ALJ relied solely on his own interpretation of clinical findings noted throughout examination records from different medical providers. Tr. 16-20. For example, the ALJ

concluded that Plaintiff's testimony regarding her difficulties with sitting, standing, walking, and carrying, was unsupported by insignificant examination findings and conservative treatment.  Tr. 17-19.  Without a medical opinion, this analysis is insufficient to conclude that Plaintiff was capable of performing a highly specific limited range of sedentary work.

"While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' *and* contains 'some useful assessment of the claimant's limitations from a medical source.'"  *Muhammad v. Colvin*, 2017 WL 4837583, *4 (W.D.N.Y. 2017) (citation omitted) (emphasis added).  Here, the ALJ reached conclusions about Plaintiff's ability to do work, including lifting and repetitive neck motions, without any function by function assessment from a medical source.  The Commissioner counters that the ultimate responsibility to determine a claimant's RFC rests solely with the ALJ, relying primarily upon *Matta v. Astrue*, 508 F.App'x at 56, and that the ALJ was not required to rely on a medical opinion.  However, in *Matta* "the ALJ expressly referenced the expert opinions of four medical sources" from which the ALJ formulated the RFC, while in this matter the record is void of any medical opinion from any of Plaintiff's treating physicians or any medical professional, including a consultative examiner.  *Id.*  The Commissioner's argument is without merit.

This Court finds that substantial evidence is lacking to support the ALJ's RFC determination where the ALJ did not perform a function-by-function assessment of

Plaintiff's abilities and failed to obtain a medical opinion regarding Plaintiff's functional capabilities, given her impairments.  Accordingly, remand is required for development of the record to obtain an opinion from a medical source.  *See Hooker v. Colvin*, 2014 WL 1976958, *7 (W.D.N.Y. 2014).

## CONCLUSION

For these reasons, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 10) is GRANTED to the extent that this case is remanded for further proceedings.  Defendant's Motion for Judgment on the Pleadings (Dkt. No. 13) is DENIED.  The Clerk of Court shall enter judgment and close this case.

**SO ORDERED.**

DATED: Buffalo, New York
    March 2, 2020

            ***S / H. Kenneth Schroeder, Jr.***
            **H. KENNETH SCHROEDER, JR.**
            **United States Magistrate Judge**